UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- v. -<br><br>SHARIF KING a/k/a ADORA KING,<br>                                         Defendant. | No. 1:15-cr-00679 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Through a letter dated March 5, 2024 and electronically filed March 12, 2024, Defendant requested that the Court order the Government to return funds which were collected from him in connection with satisfying a criminal judgment. ECF No. 67. The Government responded to Defendant's letter on April 10, 2024. ECF No. 70. On April 11, 2024, the Court provided Defendant until April 22, 2024 to respond to the Government's letter. ECF No. 71. Defendant did not respond to the Government's submission. For substantially the reasons stated in the Government's letter, the Court does not have jurisdiction to grant the relief requested by Defendant.

Defendant requests reimbursement of restitution and penalties collected by the Government in connection with *United States v. Adora Sharif King, a/k/a Adora Walker*, No. 13-cr-00322 (S.D.N.Y.). *See* ECF No. 67 at 7, 14 (records provided by Defendant identifying the collected funds as related to Case No. 13-cr-00322). That case was transferred to this District from the Southern District of Georgia pursuant to 18 U.S.C. § 3605 for the limited purpose of administration of Defendant's term of supervised release. Transfer Order (Dkt. 49), *United States v. Adora Sharif King, a/k/a Adora Walker*, No. 07-cr-00107 (S.D. Ga. May 13, 2014) (district court for the Southern District of Georgia ordering "that pursuant to

1

18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above [that is, Defendant] be transferred" to this District).

Section 3605 of Title 18 provides:

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court. A later transfer of jurisdiction may be made in the same manner. A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are *permitted by this subchapter* [that is, subchapter A of chapter 229 of Title 18] *or subchapter B or D of chapter 227*.

18 U.S.C. § 3605 (emphasis added). Subchapter A of chapter 229 of Title 18 relates to probation. *Id.* § 3601 *et seq.* Subchapters B and D of chapter 227 of Title 18 relate to probation and sentences of imprisonment, respectively. *Id.* §§ 3561 *et seq.*, 3581 *et seq.* The limited grant of authority to the transferee court pursuant to Section 3605, therefore, does not include the imposition and administration of fines and restitution, which are found in separate provisions of Title 18. *See id.* §§ 3571 *et seq.* (regarding fines), 3611 *et seq.* (fines and restitution), 3663 (restitution), 3663A (same), 3664 (same).

Thus, because the Southern District of Georgia transferred Defendant's case pursuant to Section 3605, courts in this District do not have jurisdiction over the dispute raised by Defendant, which relates to fines and restitution imposed by the Southern District of Georgia. *See United States v. Weiss*, No. 21-cr-00457 (PMH), 2022 WL 10667255, at *1-2 (S.D.N.Y. Oct. 17, 2022) (Section 3605 provides "a limited grant of authority to the transferee court" and "the subchapters concerning the imposition and administration of fines . . . are not included in the statutory transfer of power."); *cf. United States v. Jackson*, No. 21-cr-00109, 2023 WL 4636613, at *2 (D. Ala. July 17, 2023) (transfer pursuant to 18 U.S.C. § 3605 did

2

not include transfer of jurisdiction over administration and imposition of fines and restitution); *United States v. Wayne*, 394 F. App'x 497, 498 (10th Cir. 2010) (Colorado court lacked jurisdiction over restitution component of criminal defendant's sentence where case was transferred from the Western District of Missouri pursuant to 18 U.S.C. § 3605).

In sum, the Court lacks jurisdiction to grant Defendant's requested relief and his request for such relief at ECF No. 67 is DENIED. Defendant may consider making his application in a court of appropriate jurisdiction, should he so choose.

Dated: July 1, 2024
       New York, New York

                                      SO ORDERED.

                                      *Jennifer Rochon*
                                      JENNIFER L. ROCHON
                                      United States District Judge